NEWMAN, Circuit Judge,
dissenting.
I respectfully dissent, for my colleagues on this panel have established a seriously flawed evidentiary rule. The result is that a veteran is denied both the evidentiary presumptions that were enacted to assist veterans, 38 U.S.C. § 1154(b), and the opportunity to qualify for the benefits of the VA’s existing finding that his post-traumatic stress disorder was service-connected.
Mr. Stone served with the United States Army in Vietnam from March 1970 to February 1971. He states, without contradiction, that his assigned duties included radio relay, carrier operator, and equipment attendant, that he “often had a position as a guard (guard duty or while riding on trucks to guard the equipment) where he was subject to direct enemy fire.” Psy *1115 chological Evaluation from Dr. Kathleen M. McNamara, January 13 and 21, 1992. The VA psychologist diagnosed Mr. Stone with “moderate and chronic PTSD” and found that his symptoms were consistent with those “often associated with a combat-related ■ post-traumatic stress disorder.” However, the VA Regional Office denied him “combat” status for the eviden-tiary purposes of § 1154(b), and thus held that he had not proved service connection despite his military duties in a combat area and despite the diagnosis of the VA psychologist. The Board of Veterans Appeals agreed, holding that Mr. Stone had not established that he was “engaged in combat,” pointing out that he could not prove that he was fired upon because he had not been wounded. The Board held, and the Court of Appeals for Veterans Claims agreed, that he is not entitled to prove service-connection under § 1154(b):
38 U.S.C. § 1154(b). In the case of any veteran who engaged in combat with the enemy in active service with a military, naval, or air organization of the United States during a period of was, campaign, or expedition, the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence of aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran. Service connection of such injury of disease may be rebutted by clear and convincing evidence to the contrary-[Emphases added.]
The government argues that Mr. Stone is not entitled to the benefit of the statutory procedures of § 1154(b) to establish that he engaged in combat, because he has not established that he was engaged in combat; although the government in its brief concedes that his personnel records record “his participation, without further detail, in an unnamed campaign.” VA Br. at 18. The government argues that the burden of proof is on Mr. Stone, and that in the absence of corroborating evidence of injury there is no need for rebuttal.
It is embodied in executive and military order that military service in Vietnam was service in a “combat zone” or “combat area.” In 1964 President Johnson issued Executive Order 11216, establishing service in Vietnam as subject to “combat area compensation”:
Executive Order 11216. Pursuant to the authority vested in me by section 112 of the Internal Revenue Code of 1954 I hereby designate, for the purpose of that section, as an area in which Armed Forces of the United States are and have been engaged in combat:
Vietnam, including the waters adjacent thereto within the following-described limits: From a point on the East Coast of Vietnam at the juncture of Vietnam with China southeastward to 21° N Lat., 108° 15' E Long.; thence southward to 18° N Lat., 108° 15' E Long.; thence southeastward to 17° 30' N Lat., 111° E Long.; thence southward to 11° N Lat., 111° E Long.; thence southwestward to 7° N Lat., 105° E Long.; thence westward to 7° N Lat., 103° E Long.; thence northward to 9° 30' N Lat., 103° E Long.; thence northeastward to 10° 15' N Lat., 104° 27' E Long.; thence northward to a point on the'West Coast of Vietnam at the juncture of Vietnam with Cambodia.
The date of the commencing of combatant activities in such area is hereby designated as January 1,1964.
*1116 In United States v. Anderson, 38 C.M.R. 582, 586, 1967 WL 4454 (Army Rev. Bd.1967), the Army Review Board observed that “a state of war has existed in the geographic area designated by Executive Order 11216.” Other federal statutes have recognized this statutory designation of combat zone. For example, 5 U.S.C. § 6326 refers to persons “who died as a result of wounds, disease, or injury incurred while serving as a member of the Armed Forces in a combat zone (as determined by the President in accordance with section 112 of the Internal Revenue Code)”; 10 U.S.C. § 1580 refers to the duty of certain employees “in a combat zone as defined by section 112 of the Internal Revenue Code;” 15 U.S.C. § 632 applies the designation of a combat zone under section 112 to define certain “qualified areas” for small business.
The principles of § 1154(b) are implemented by recognition that service in a combat zone is, prima facie, service in combat. It is not disputed that Mr. Stone served in Vietnam, and no challenge has been presented to the military assignments that he reports. Mr. Stone presented a prima facie case that he was engaged in combat, shifting to the government the burden of coming forward with contrary evidence. This is required as the fair and reasonable implementation of the congressional purpose in enacting § 1154(b). It is neither fair nor reasonable to hold that a veteran who served in a designated combat area must prove he was wounded or diseased before he can receive the evidentiary benefits of § 1154(b).
With the corroborating information in the government’s possession, it is seriously wrong to insulate the government from the obligation to bring it forward. I would hold that service in a combat zone is prima facie service in combat, whereby the burden of production and proof shifts to the government. No such contrary evidence is in the record of this appeal, nor any contradiction of Mr. Stone’s account of his service in Vietnam. Absent adequate rebuttal, he is entitled to the evidentiary benefits of § 1154(b) to establish service connection. A combat veteran lucky enough not to have been wounded — such as Mr. Stone — may find it impossible to call on § 1154(b), a statute enacted specifically to ease the burdens on veterans of proving long-past events. From this flawed procedure and its unjust implementation I must, respectfully, dissent.